# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| STEVEN ALBERT MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:18-06116-CV-RK |
| | ) | |
| GM FINANCIAL, AMERICREDIT FINANCIAL SERVICES INC., RIEZMAN BERGER P.C., JULIE K. GRAHAM, AMERICAN COLLATERAL RECOVERY, MISSOURI DEPARTMENT OF REVENUE, EXPERIAN, EQUIFAX, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Americredit Financial Services, Inc., GM Financial, Julie Graham, and Reizman Berger, P.C. ("the Motion"). (Docs. 36, 37, 39, 48.) The Motion is fully briefed. (Docs. 38, 40, 49, 55.) After careful consideration, the Motion is **GRANTED**, and this case is **DISMISSED without prejudice**.

## Background

The relevant allegations in Plaintiff's Amended Complaint are as follows. (Doc. 33.) Plaintiff purchased a 2016 Cadillac Escalade, Vehicle Identification Number 1GYS4JKJ4GR432597 ("the Vehicle") from Conklin Fangman Buick, Cadillac, GMC dealer on or about April 29, 2017. Plaintiff received financing for the Vehicle from GM Financial. Following the purchase and financing of the Vehicle, GM Financial sent Plaintiff a letter restating the payment terms and options agreed upon at the time of purchase. Plaintiff sent GM Financial a letter that indicated the loan had been paid off. GM Financial filed a Petition for Replevin of Possession of Property against Plaintiff in the Circuit Court of Platte County, Missouri. American Collateral Recovery attempted repossession of the vehicle. Plaintiff's Complaint alleges bank

fraud, securities fraud, mail fraud, deceptive business practices, racketeering, and attempted grand theft auto against Defendants.

The Motion before the Court seeks dismissal pursuant to Rule 12(b)(1) Lack of Subject Matter Jurisdiction, 12(b)(6) Failure to State a Claim, and failure to comply with Rules 8 and 9's pleading requirements.

**Legal Standard**

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, 2018 U.S. Dist. LEXIS 209123, at *2 (E.D. Mo. Dec. 12, 2018) "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Generally speaking, a federal court's subject-matter jurisdiction over a case must be based on either [a] federal question . . . or diversity." *Miller v. Clark*, 2013 U.S. Dist. LEXIS 196713, at *1 (W.D. Mo. June 14, 2013). The party asserting federal jurisdiction has the burden to prove the federal court has the power to hear the case. *Suppes v. Katti*, 2016 U.S. Dist. LEXIS 143705, at *3 (W.D. Mo. Oct. 18, 2016). As discussed below, both federal question and diversity jurisdiction are lacking in this case.

    A.  **Diversity Jurisdiction**

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). If any plaintiff is a citizen of the same state as any defendant, diversity jurisdiction does not exist. *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

    B.  **Federal Question Jurisdiction**

"Federal-question jurisdiction exists when the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 906 (8th Cir. 2005) (internal quotation marks and citation omitted).

When considering a Rule 12(b)(1) motion to dismiss, a movant seeking dismissal may assert either a facial or factual attack on subject matter jurisdiction. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). A facial attack looks only to the face of the pleadings, but a factual attack may consider matters outside the pleadings. *Knox*, 2018 U.S. Dist. LEXIS 209123,

at *3 (citing *Croyle by and through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018)). Under a facial attack, the movant "asserts that the [complaint] fails to allege sufficient facts to support subject matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (internal quotation marks and citation omitted). When considering a facial attack, the court restricts itself to the face of the pleadings, and the nonmovant receives the same protections as it would defending against a Rule 12(b)(6) motion. *Id.* "Therefore, a court considering a facial attack on the court's subject matter jurisdiction must: (1) evaluate whether the asserted jurisdiction basis is patently meritless by looking to the face of the [pleading] . . . and drawing all reasonable inferences in favor of the pleader, and (2) presume all of the factual allegations concerning jurisdiction are . . . true." *Knox*, 2018 U.S. Dist. LEXIS 209123, at *3-4 (internal quotation marks and internal citations omitted). "The 12(b)(1) motion presenting a facial challenge to the court's subject matter jurisdiction is successful if the [pleader] fails to allege an element necessary for subject matter jurisdiction." *Id.* (internal quotation marks omitted).

## Discussion

### A. Diversity Jurisdiction

Defendants argue dismissal is proper because the Court does not have subject-matter jurisdiction.[1] Plaintiff's Complaint alleges that Plaintiff himself and Defendant Julie Graham are both domiciled in Missouri. Accordingly, because both Plaintiff and Defendant Graham are domiciled in Missouri, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States"). The Court need not address the citizenships of the remaining Defendants or address the amount in controversy requirement as diversity jurisdiction cannot exist because Plaintiff and Defendant Graham are both citizens of Missouri.

---

[1]The parties do not address whether the Motion is a facial or factual attack; however, because Defendants did not present or direct the Court to any materials outside of Plaintiff's Complaint, the Court will construe the Motion as a facial attack. *See Knox*, 2018 U.S. Dist. LEXIS 209123, at *4 ("[w]hile acknowledging a litigant may present either a facial attack or a factual attack to a federal court's subject matter jurisdiction . . . did not present, or direct the Court to, any materials outside the pleadings to support her Rule 12(b)(1) motion;" therefore, the 12(b)(1) motion is a facial attack).

### B. Federal Question Jurisdiction

Federal question jurisdiction does not exist. Plaintiff's Complaint alleges a violation of a federal statute, 18 U.S.C. § 1346. 18 U.S.C. § 1346 is a criminal statute that prosecutes those engaged in "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." Plaintiff alleges Defendants violated 18 U.S.C. § 1346 because they attempted "to collect on a debt in a scheme to deprive another of the intangible right of honest service for which Defendant knew there was no loan or lien created but yet continued collection attempts." (Doc. 33.) The Supreme Court found that 18 U.S.C. § 1346 criminalized only schemes to defraud that involved bribes or kickbacks. *Skilling v. United States*, 130 S. Ct. 2896 (2010). Plaintiff's Complaint does not allege the conduct by Defendants amounts to either a bribe or kickback; therefore, 18 U.S.C. § 1346 is inapplicable. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 856 (8th Cir. 2012) ("Richter's complaint does not allege that the reported misconduct amounts to either a bribe or a kickback. She may not, therefore, rely on § 1346 to support a claim for theft of honest services.").

In viewing the Motion as a facial attack and considering only the pleadings, the Court finds Plaintiff has not met his burden to show this Court has subject matter jurisdiction. *See Suppes*, 2016 U.S. Dist. LEXIS 143705, at *3. Because the issue of subject matter jurisdiction is dispositive, the Court need not address the remaining claims in the Motion. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### Conclusion

Because the Court does not have subject matter jurisdiction over this case, Defendants' Motion to Dismiss is **GRANTED**, and this case is **DISMISSED without prejudice.**[2]

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATE: March 14, 2019

---

[2] "Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case." *Hampton v. Pacific Investments Co., LLC*, 869 F.3d 844, 846 (9th Cir. 2017).